NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROY SAPIR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAUL AVERBACK and NYMOX PHARMACEUTICAL CORPORATION,<br><br>Defendants. | Civil Action No. 14-CV-07331<br><br><br>OPINION |

JOSE L. LINARES, U.S.D.J.

This matter comes before the Court upon four motions submitted by various plaintiffs in this case to: 1) appoint lead plaintiff; and 2) appoint lead counsel. (ECF Nos. 6, 7, 11, 12). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the submissions, and for the reasons stated below, the motion by Plaintiff, Nymox Investor Group, consisting of Harry Lattanzio and Andrew Silverman (hereinafter the "Lattanzio/Silverman Nymox Investor Group"), (ECF No. 11), is **GRANTED**. Accordingly, motions by Gil Rodriguez, (ECF No. 6), Charles Tuskes, (ECF No. 7), and the Nymox Investor Group consisting of Roy Sapir, Norman Jacobs and Stephen Taylor (hereinafter the "Sapir/Jacobs/Tuskes Nymox Investor Group"), (ECF No. 12), are **DENIED**.

I. BACKGROUND

This action is brought on behalf of all persons who purchased the securities of Nymox Pharmaceutical Corporation ("Nymox") between January 31, 2011 and November 2, 2014,

inclusive ("Class Period"). Plaintiffs allege violations of the Securities and Exchange Act of 1934 (the "Exchange Act") against the Nymox and Paul Averback (hereinafter "Mr. Averback"). Nymox is a pharmaceutical company with a focus on researching and developing products for the elderly. (Complaint ¶ 6). This lawsuit is focused on the Nymox's efforts to develop a proprietary drug candidate referred to as "NX-1207" which purportedly treats "benign prostatic hyperplasia (BPH)." (Id. ¶ 6). Defendant, Mr. Averback is the Company's President and Chairman. (Id. ¶ 7). During the Class Period, the Complaint alleges that Nymox and Mr. Averback made a number of false and misleading statements concerning the efficacy of NX-1207 and, specifically, the results of testing during the drug's Phase 3 trials. (Id. ¶ 9).

On November 3, 2014, Mr. Averback stated during an earnings conference call that testing for NX-1207 was highly subjective in nature. (Id. ¶ 11). Consequently, testing for NX-1207 was very unlikely to yield statistically significant results and, therefore, FDA approval of NX-1207 was unlikely. (Id. ¶¶ 12-13). On this news, the price of Nymox stock fell by approximately 82% to close at $0.93 per share on November 3, 2014. (Id. ¶ 16). Each of the following Plaintiffs bring motions to be lead plaintiff in this action and appoint their own counsel as lead counsel: the Lattanzio/Silverman Nymox Investor Group, Gil Rodriguez, Charles Tuskes, and the Sapir/Jacobs/Tuskes Nymox Investor Group.

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act (hereinafter "PSLRA") sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii)

as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).[1] The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). In deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 924 (3d Cir. 1992); *see also In re Nice Sys. Secs. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999). The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. DISCUSSION

### A. Largest Financial Interest in the Relief Sought

Each of the moving Plaintiffs have represented to the Court the amount of losses they suffered as a result of Nymox's violation of the Exchange Act.[2] However, the Lattanzio/Silverman Nymox Investor Group has the largest financial interest in the relief sought with $660,203.00 in

---

[1] Plaintiff in this action, which was filed on November 24, 2014, published a notice on *Globe Newswire* on November 25, 2014. This notice announced that applications for appointment as lead plaintiff had to be made by January 26, 2015, to which, all relevant Plaintiffs complied.

[2] The Court needs not determine which calculating methodology to use as the Lattanzio/Silverman Nymox Investor Group has the most losses regardless of method.

claimed losses.³ Indeed, the Sapir/Jacobs/Tuskes Nymox Investor Group submitted a letter to the Court stating that:

> after reviewing the motions filed by the various lead plaintiff movants in the above-captioned action, it appears that the SJT Nymox Investor Group does not have the largest financial interest in the relief sought in the litigation and is, therefore, not the presumptive Lead Plaintiff. The Lattanzio/Silverman Nymox Investors Group appear to have financial interests in excess of $600,000.00, thus significantly larger than the other movants.

(ECF No. 13). The determination of which candidate has the largest loss is by far the most important factor in determining who should be the lead plaintiff. *See Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, No. 00-3605, 2000 U.S. Dist. LEXIS 16712, at *14 (D.N.J. Nov. 16, 2000). The presumptive lead plaintiff must be appointed unless it is proven that the movant will not satisfy the typicality and adequacy requirements of Rule 23. The Court therefore finds Lattanzio/Silverman Nymox Investor Group is the presumptive lead plaintiff.

## B. Adequacy/Typicality

The typicality inquiry is intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented. 3B Moore & Kennedy, ¶ 23.06–02; 1 Newberg & Conte, § 3.13. "Typicality entails an inquiry whether 'the named plaintiff's individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based.' " *Hassine v. Jeffes*, 846 F.2d at 177 (3d Cir. 1988). "[F]actual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that

---

³ Gil Rodriguez, claims losses of $45,424.54. Charles Tuskes claims losses of $194,226.00. The Sapir/Jacobs/Tuskes Nymox Investor Group claims losses of $301.047.31.

gives rise to the claims of the class members, and if it is based on the same legal theory." *Grasty v. Amalgamated Clothing & Textile Workers Union,* 828 F.2d 123, 130 (3d Cir.1987). Because the Lattanzio/Silverman Nymox Investor Group acquired Nymox securities during the Class Period at prices inflated by Defendants' materially false statements and have represented to the Court their claims do not conflict or compete with the claims of other class members, the Court finds the Lattanzio/Silverman Nymox Investor Group satisfies the typicality requirement.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The inquiry that a court should make regarding the adequacy of representation requisite of Rule 23(a)(4) is to determine that the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on behalf of the class. *See General Telephone Co. v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 247 (3d Cir.) ("the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation ... and ... must not have interests antagonistic to those of the class")

The Lattanzio/Silverman Nymox Investor Group has interests aligned with those of the other class members where they would fairly and adequately protect the interests of the class. Similarly the Lattanzio/Silverman Nymox Investor Group has represented to the Court why their attorneys are qualified and experienced, of which, the Court agrees. Therefore, the adequacy requirement is met as well. Overall, after meeting the adequacy and typicality requirements and because the Lattanzio/Silverman Nymox Investor Group has the largest financial interest by approximately a $300,000 margin, the Court will appoint the Lattanzio/Silverman Nymox Investor Group as Lead Plaintiff in this action.

## C. Choice of Counsel

Having found the Lattanzio/Silverman Nymox Investor Group to be the Lead Plaintiff in this action, the PSLRA vests authority in the Lattanzio/Silverman Nymox Investor Group to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court finds Brower Piven, P.C., has not only prosecuted complex securities fraud class actions, but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel. Similarly, Carella Byrne, Cecchi, Olstein, Brody & Agnello, P.C., is a well-respected law firm, and its attorneys have experience litigating complex commercial actions. (*See* Cecchi Decl., Exhibit F). The Court hereby approves Brower Piven, P.C., as Lead Counsel and Carella Byrne, Cecchi, Olstein, Brody & Agnello, P.C., as Liaison Counsel for the Class.

## IV. CONCLUSION

For the reasons set forth above, Lattanzio/Silverman Nymox Investor Group's motion to appoint lead plaintiff and lead counsel, (ECF No. 11), is **GRANTED**, and the remaining Plaintiffs' motions are therefore **DENIED**. (ECF Nos. 6, 7, 12). An appropriate Order accompanies this Opinion.

Date:   February 26, 2015

Honorable Jose L. Linares, U.S.D.J.